UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: <br><br> Dane Anders Nielsen XXX-XX-7526 <br><br><br> Debtor. <br><br> v. <br><br> Heupel Law, P.C. <br><br> Respondent. | Bankruptcy Case No. 12-36010-EEB <br><br> Chapter 7 |

**DEBTOR'S MOTION FOR AN ORDER TO SHOW CAUSE**

Movant, Dane Nielsen, by and through his attorney, Erik B. Atzbach, LLC, hereby enters a motion to show cause for violation of the automatic stay against his former bankruptcy attorney Heupel Law, P.C., and in support thereof states:

1. Movant filed for relief under Chapter 7 of Title 11 of the U.S. Code on December 28, 2012 with Respondent acting as his bankruptcy attorney.

2. The Disclosure of Compensation of Attorney for Debtor(s) filed by Respondent at docket no. 3 indicates that Movant agreed to pay Respondent $2,500.00, out of which $500.00 had been paid prior to the filing of the bankruptcy petition (**Exhibit 1**).

3. After Movant's bankruptcy petition was filed on December 28, 2012, Respondent made the following withdrawals from Movant's bank account as shown on **Exhibit 2**:

   a. $100.00 on January 7, 2013;
   b. $75.00 on January 17, 2013;
   c. $100.00 on February 4, 2013;
   d. $100.00 on February 19, 2013; and
   e. $100.00 on March 4, 2013.

4. Of the withdrawals listed above, only the $75.00 withdrawal on January 17, 2013 was an installment payment for the $306.00 Bankruptcy Court filing fee. This withdrawal of January 17, 2013 is not contested and is not at issue here.

5. The other four withdrawals totaling $400.00 were taken out of Movant's bank account

by Respondent as payment for pre-petition attorney's fees. Thus, each of these four withdrawals is a violation of the automatic stay under 11 U.S.C. § 362.

6. 11 U.S.C. 362(a)(1) automatically stays the "commencement or continuation" of actions to recover claims against debtors that arose prior to filing of a bankruptcy petition.

7. Under 11 U.S.C. § 362(k), an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, punitive damages.

8. With regard to the willful nature of the violation required to recover damages under 11 U.S.C. § 362(k), the Honorable Judge Brown stated:

> "In order to impose sanctions against the Respondents for their violations of the stay, the Court must first find that their actions were "willful." In order for a violation to be "willful," evidence of specific intent to violate the stay is not required. Violations are "willful" if the party knew of the automatic stay and intended to take actions that violated the stay...In effect, the term "willful" refers to the deliberateness of the conduct, coupled with knowledge of the filing. It does not require an intent to violate a court order. **Once a court finds a violation of the stay to be willful, Section 362(h) makes the award of damages for injuries mandatory**." [emphasis added] (*In re Charles S. Gagliardi*, No. 02-17985-EEB)

9. Being Movant's bankruptcy attorney at the time the case was filed, Respondent obviously knew the automatic stay had commenced. Respondent's post-petition withdrawals from Movant's bank account were intentional. Thus, the elements of a willful violation of the automatic stay are met and Movant is entitled to recover actual damages from Respondent.

10. With respect to punitive damages, in *Gagliardi* the Honorable Judge Brown stated:

> "In order for punitive damages to be awarded [...] the Respondents must have acted with **actual knowledge** that they were violating a federally protected right or with reckless disregard of whether they were doing so. The primary purposes of an award of punitive damages are punishment and deterrence." [emphasis added] *Gagliardi, supra*, 290 B.R. at 820.

11. As Movant's bankruptcy attorney, Respondent obviously had actual knowledge that it was violating the automatic stay by taking money out of Movant's bank account after the bankruptcy petition had been filed. Thus, Movant is entitled to recover punitive damages from Respondent. *See generally Gagliardi, supra. See also In re Baker*, 140 BR 88, 91 (D. Bt. 1992) (affirming Bankruptcy Court's award of punitive damages where "debtor and her attorney spoke

with representatives of the bank on more than one occasion in order to inform it of debtor's bankruptcy status.").[1]

12. In *Gagliardi* the Honorable Judge Brown further stated:

> "The five primary factors to be considered in determining whether to award punitive damages include: the nature of the creditor's conduct; the creditor's ability to pay damages; the level of sophistication of the creditor; the creditor's motives; and any provocation by the debtor."

13. Movant submits that punitive damages are especially warranted in this case due to the outrageous nature of Respondent's conduct. Respondent has abused its position of trust to carry out what amounts to a highly illegal collection activity against Movant. Instead of helping Movant get the "fresh start" that Congress intended, Respondent's actions would have Movant emerge from his bankruptcy shackled in the chains of a purported debt which is illegally collected by his own bankruptcy attorney.

14. Upon Movant's knowledge and belief, the facts in this case may be representative of Respondent's usual practices with respect to a significant segment of its clientele. A similar motion has been filed simultaneously herewith in case 12-35943-ABC.

15. Given the Respondent's sophistication, reprehensible conduct and ability to pay, Movant requests that the Court send a very strong message to Respondent in the form of punitive damages and other measures which the Court deems appropriate.

WHEREFORE, Movant respectfully requests that the Court:

1. ORDER Respondent to appear and show cause why damages should not be imposed for violation of the automatic stay;

2. ORDER Respondent to cease all illegal collection activities against Movant and other clients of Respondent;

3. ORDER Respondent to compensate Movant for its actual damages, including without limitation the legal fees and costs incurred in prosecuting its 11 U.S.C. § 362(k) claim;

4. AWARD punitive damages against Respondent for its willful violation of the

---

[1] In a case involving the sending of a single collection letter in violation of the automatic stay, the Honorable Judge Brown assessed punitive damages in the amount of $1,000 against the creditor (*In re Kevin Fred McCarthy, Adversary Proceeding No. 09-1076 EEB*); *In re Timbs*, 178 B.R. 989, 996 (Bankr. E.D. Tenn. 1994) (punitive damages in the amount of $5,000 imposed against lawyer who failed to take affirmative steps to vacate garnishment proceeding after receipt of notice of bankruptcy filing).

automatic stay under 11 U.S.C. § 362(k); and

    5.  ORDER such other relief and punitive measures as the Court deems just and proper.

| | |
|---|---|
| Dated April 12, 2013 | By: */s/ Erik B. Atzbach* <br> Erik B. Atzbach, #27559 <br> ERIK B. ATZBACH, LLC <br> 9980 Park Meadows Drive, Ste. 102 <br> Lone Tree, CO  80124 <br> Phone:  (303) 885-8886 <br> Fax:  (303) 416-4448 |

Exhibit 1

## United States Bankruptcy Court
### District of Colorado

In re **Dane Anders Nielsen**
Debtor(s)

Case No. 
Chapter **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 2,500.00 |
   | Prior to the filing of this statement I have received | $ 500.00 |
   | Balance Due | $ 2,000.00 |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☐ Debtor    ■ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Continued/rescheduled meeting of creditors; motions to void judgment liens; adversary complaints; amendments to petition, statements, and schedules after case is filed; objections; appeals; reaffirmation agreements; motions to abandon or sell property; motions to dismiss or convert case to Chapter 13; litigation issues, whether related or not to the bankruptcy; ongoing creditor collection and harassment issues; US Trustee inquiries; and anything not referenced in inclusions.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **December 28, 2012**

/s/ Kevin D. Heupel
Kevin D. Heupel 30264
Heupel Law, PC
2440 Stout Street
Denver, CO 80205
303-955-7570   Fax: 1-866-397-4768
kevin@heupellaw.com

Exhibit 2



Wednesday, March 20, 2013

**USAA SECURE CHECKING**

**Account Overview**

| | |
|---|---|
| Account Number | ▮ |
| Address | DANE ANDERS NIELSEN 7636 LEXINGTON MANOR DR COLORADO SPRINGS CO 80920-4263 |
| Routing Number | ▮ |

| | |
|---|---|
| Current Balance | ▮ |
| Available Balance | ▮ |
| Interest This Year | ▮ |
| Interest Last Year | ▮ |

Close                                    Clear All    Search

**Scheduled Transactions (0)**

**Transaction History**

| Date | Description | Category | Amount | Balance |
|---|---|---|---|---|
| ▮ | ▮ | ▮ | ▮ | ▮ |

| Date | Description | Category | Amount | Balance |
|---|---|---|---|---|
| Mar 4, 2013 | HEUPEL LAW PC 303-9557570 CO | Uncategorized | ($100.00) | $20.34 |



| Date | Description | Category | Amount | Balance |
|---|---|---|---|---|
| Feb 19, 2013 | HEUPEL LAW PC 303-9557570 CO | Uncategorized | ($100.00) | $832.12 |

| Date | Description | Category | Amount | Balance |
|---|---|---|---|---|
| Feb 4, 2013 | HEUPEL LAW PC 303-9557570 CO | Uncategorized | ($100.00) | $936.18 |



| Date | Description | Category | Amount | Balance |
|---|---|---|---|---|
| Jan 17, 2013 | HEUPEL LAW PC DENVER CO | Uncategorized | ($75.00) | $939.19 |
| Jan 7, 2013 | HEUPEL LAW PC 303-9557570 CO | Uncategorized | ($100.00) | $741.15 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | |
| Dane Anders Nielsen XXX-XX-7526 | Bankruptcy Case No. 12-36010-EEB |
| | Chapter 7 |
| Debtor. | |
| v. | |
| Heupel Law, P.C. | |
| Respondent. | |

**ORDER TO SHOW CAUSE PURSUANT TO BANKRUPTCY RULE 9020**

  THIS MATTER having come before the Court on Debtor's Motion for an Order to Show Cause, filed April 11, 2013, alleging violations of the automatic stay pursuant to 11 U.S.C. § 362 (the "Motion"), and the Court being further advised in the premises, does hereby

  FIND that the Motion, attached hereto, alleges that Heupel Law, P.C. has committed acts in violation of the automatic stay imposed by 11 U.S.C. § 362.

  FURTHER FINDS that such allegations, as detailed in the attached Motion, if proven, may subject any and/or all of the above persons to damages, sanctions and other civil penalties pursuant to 11 U.S.C. § 362(k) and Bankruptcy Rule 9020.  Accordingly, it is hereby

  ORDERED that Respondent shall file a Response to the Motion no later than _____.  The Court will schedule a further evidentiary hearing on this matter by separate Order, following the submission of the Response.

DATED _____              BY THE COURT:

                                            _____

                                            United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the Debtor's Motion for an Order to Show Cause and proposed order were mailed postage prepaid by placing the same in the U.S. Mails addressed to the following at their respective addresses on April 12, 2013:

| | |
|---|---|
| Heupel Law, P.C.<br>c/o Corporation Service Company<br>Registered Agent<br>1560 Broadway, Suite 2090<br>Denver, CO 80202 | Heupel Law, P.C.<br>2440 Stout Street<br>Denver, CO 80205 |
| | US Trustee<br>999 18th Street<br>Suite 1551<br>Denver, CO 80202 |

Dated: April 12, 2013                 */s/ Erik B. Atzbach*